OPINION OF THE COURT
Robert L. Nahman, J.
An income execution was issued on July 28,1983, upon a judgment in an action entitled Beneficial Fin. Co. v Griffin (Civ Ct of City of NY, Queens County, Index No. 7450/83 [Annie R. Griffin and Annie R. East, the defendant in this case are one and the same person]). On September 2,1983, another income execution was issued against the defendant on a judgment in the instant case. It appears that defendant is making installment payments directly to City Marshal Joseph Jacobs pursuant to the first income execution. The city marshal to whom the second income execution has been delivered has informed judgment debtor’s attorneys that he is going to deliver a copy thereof to the defendant’s employer. Defendant seeks a protective order restraining the city marshal from delivering the second income execution to the defendant’s employer.
Plaintiff concedes that the first income execution has priority over the second income execution but argues that the city marshal should nevertheless be permitted to serve *862 the second income execution upon defendant’s employer so as not to lose priority. Defendant contends that this position is contrary to the mandate of CPLR 5231.
CPLR 5231, insofar as is applicable, provides:
“(a) Form. An income execution shall * * * contain a notice to the judgment debtor that he shall commence payment of the installments specified to the sheriff forthwith and that, upon his default, the execution will be served upon the person from whom he is receiving or will receive money * * *
“(d) Levy upon default or failure to serve debtor. If a judgment debtor fails to pay installments pursuant to an income execution served upon him for a period of twenty days * * * the sheriff shall levy upon the money that the judgment debtor is receiving or will receive by serving a copy of the income execution, indorsed to indicate the extent to which paid installments have satisfied the judgment, upon the person from whom the judgment debtor is receiving or will receive money * * *
“(h) Priority; delivery to another sheriff. Two or more income executions issued against the same judgment debtor, specifying the same person from whom the money is received and delivered to the same or different enforcement officers shall be satisfied out of that money in the order in which the executions are delivered to an officer authorized to levy in the county, town or city in which the debtor resides”.
It is the position of the defendant that pursuant to this section only one income execution can be operative at a time and that as long as defendant is making payments under the first income execution, it is not possible for her to be in default under the second income execution and that it would be contrary to the mandate of this section for the city marshal to deliver the second income execution to the defendant’s employer.
It is the opinion of this court that by measuring priority from the time of delivery to the marshal, a judgment creditor who is receiving payment from the judgment debtor directly is protected against an attempt by another judgment creditor to obtain payment from the judgment debtor’s source of income.
*863 Plaintiff’s contention that it is necessary that the second income execution be served upon the defendant’s employer so as not to lose priority is no longer viable. As stated in Weinstein-Korn-Miller, New York Civil Practice (vol 6, par 5231.29): “The priority rule in CPLR 5231 (h) departs from that found in former section 684 (1) [of the Civil Practice Act], which directed that executions be satisfied ‘in the order or priority in. which said executions are presented to the’ garnishee, rather than the levying officer as is now required.”
The income execution procedure was designed to ease the effect of such execution on the debtor and his employer while also protecting the creditor. (Beneficial Fin. Co. [Skinner], 43 Misc 2d 546.) The statute requires the enforcement official to give the judgment debtor an opportunity to make voluntary payments. If they are not made, only then will an execution be served upon his or her employer. (See 6 Weinstein-Korn-Miller, NY Civ Prac, par 5231.02.)
Accordingly, the branch of defendant’s motion for a protective order is granted. Plaintiff and City Marshal Alex Chapin are directed not to deliver plaintiff’s income execution to defendant’s employer during the period of time that the first income execution is in effect and for a period of 20 days thereafter unless defendant in such additional 20-day period fails to commence payment to City Marshal Alex Chapin.
The branch of the motion which seeks to convert this action into a class action is denied without prejudice to commence a plenary action in the Supreme Court.